Spalding, J.
The act “ to regulate the judicial courts, and the practice thereof,” passed March 12,1845, provides, in sec. 6, that final judgments in the courts of common pleas, may be examined and reversed or affirmed in the supreme court, on writ of erro.r, which shall be issued, as a matter of course, by the clerk of the supreme court of the proper county, upon praecipe, filed by the party desiring such writ.
This law operated as a general license to judgment debtors, to bring their cases into this court, with or without cause, and to remedy, in some measure, the great inconvenience likely to result therefrom, the general assembly, at its next session, January 21,1846, enacted, “ that upon the affirmance of a judgment by the supreme court, on writ of error, brought by the defendant below, the said court shall also render judgment against the plaintiff in error, for five *28 per centum damages upon the amount due from the plaintiff in error to the defendant in error, unless the court shall be satisfied, and so enter upon the minutes, that there was reasonable ground for the prosecution of the said writ of error.”
This court, on the circuit, very properly affirmed the judgment of the court of common pleas, but, instead of causing an entry to be made on their journal, that there was reasonable ground for the prosecution of the writ of error, directed an entry in the following words :
“ And because it appears that there has been paid upon the judgment aforesaid, since the commencement of this suit, the sum of three hundred and seventeen dollars, no penalty is taxed herein
This is manifestly erroneous. After deducting the sum paid from the amount of the judgment, in the common pleas, there was still due from the plaintiff in error to the defendants in error, upwards of six hundred dollars.
Upon the affirmance of the judgment below, without finding that there was reasonable ground for prosecuting the writ' of error, the statute required the court to render judgment against the plaintiff in error for five per centum damages upon this balance, which was the amount then due to the defendant in error. Part payment, we consider a relief from 'the damages or penalty, only pro tanto.
The proceedings of the court on the circuit will be reversed to. this extent, and judgment will be rendered for the five per cent, damages on the actual amount due.